# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY GAVIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   Civil Case No.   03-634-GPM-PMF |
| | ) |
| STEPHEN BRYANT, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is Anthony Gavin's § 2254 petition for a writ of habeas corpus. Gavin is confined at Graham Correctional Center, where he is serving five consecutive 8-year sentences imposed on convictions received in St. Clair County Circuit Court for aggravated criminal sexual assault (four counts) and aggravated kidnaping (one count).

In January, 1997, Gavin was charged with four counts of aggravated criminal sexual assault, two counts of aggravated kidnaping, and one count of robbery. The prosecution offered a plea bargain which, if accepted and approved, would have resulted in some charges being dismissed and sentences totaling 25 years being imposed following guilty pleas to the remaining charges. In presenting the offer to Gavin, trial counsel gave incorrect advice that Gavin could be sentenced to as few as 12 years (the minimum lawful sentence was actually 30 years) and suggested that accepting the prosecution's offer would be to Gavin's disadvantage. Relying on counsel's advice, Gavin rejected the offer and tendered a counter offer seeking an agreed sentence adding up to 20 years. After the prosecution rejected Gavin's counter offer, Gavin entered an open plea to five

charges in exchange for the prosecution's agreement to dismiss two charges. At the sentencing hearing, the trial court admonished Gavin (incorrectly) that the minimum sentence was 12 years. This admonishment was based on the mistaken belief that the applicable statute mandated consecutive sentences on only two of the five offenses to which Gavin pled guilty. The trial court initially imposed four consecutive 9-year sentences and one concurrent 25-year sentence.

After the trial court denied Gavin's motion to withdraw his guilty plea, there were two appeals. During the first appeal, the Illinois Appellate Court vacated Gavin's convictions and sentences as void after holding that the applicable sentencing provision required sentences on all five convictions to run consecutively. The Illinois Appellate Court remanded Gavin's case for further proceedings.

On remand, Gavin was found guilty on five counts following a stipulated bench trial and was ordered to serve five consecutive 8-year terms for a total prison sentence of 40 years.

Gavin appealed the second decision. During the second appeal, the Illinois Appellate Court assumed that Gavin had been deprived of his Sixth Amendment right to counsel and focused on Gavin's challenge to the remedy provided for that deprivation. Gavin argued that the proper remedy for his Sixth Amendment deprivation was an order directing the prosecution to resume plea negotiations and once again extend the 25-year deal. The Illinois Appellate Court found that Gavin was not entitled to have the original offer reintroduced and declined to fashion a remedy in the nature of specific performance. Also, the Court found that Gavin was not prejudiced by the order vacating his plea and sentences and remanding his case for further proceedings because he was informed of the error made by his first counsel and had the opportunity to enter into the bargaining process again with good advice from effective counsel.

Habeas relief may be granted if the state court's decision was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1).  A state court unreasonably applies Supreme Court precedent if there is an objectively unreasonably application of the law to the facts of the particular case or an objectively unreasonable extension or refusal to extend a principal to a new context.  *Williams v. Taylor*, 529 U.S. 362, 405 - 407 (2000).

Gavin argues that the state court's remand remedy involves an unreasonable application of the U.S. Supreme Court's standard for Sixth Amendment violations.  He maintains that his attorney's statement that he could be sentenced to as few as 12 years fell below an objective standard of reasonableness, that there is a reasonable probability that he would have accepted the state's 25-year plea proposal absent counsel's erroneous advice, and that the Illinois Appellate Court failed to tailor relief appropriate under the circumstances.  Specifically, Gavin believes that the Illinois Appellate Court should have ordered the prosecution to give him an opportunity to accept the original 25-year plea offer.  Respondent argues that the trial court rationally employed the *Strickland* standard governing Sixth Amendment claims.

The Supreme Court has determined that remedies for Sixth Amendment deprivations must be tailored to the injury suffered and should not unnecessarily infringe on competing interests. *Rushen v. Spain*, 464 U.S. 114 (1983); *U.S. v. Morrison*, 449 U.S. 361 (1981).  This standard invites Courts to evaluate the particular circumstances resulting in the Sixth Amendment deprivation and exercise discretion in fashioning a remedy.  In *Morrison*, the Court found that dismissal of an indictment was not an appropriate remedy for a Sixth Amendment violation that did not create any adverse consequence to the representation or the fairness of the proceedings resulting in conviction.

"The adequacy of any remedy is determined solely by its ability to mitigate constitutional error, if any, that has occurred." *Rushen*, 464 U.S. at 119. Applying this standard, federal courts have devised a variety of remedies for Sixth Amendment violations arising during plea negotiations, including remanding with instructions directing the prosecution to reinstate its original plea offer or release the petitioner, *Nunes v. Mueller*, 350 F.3d 1045, 1056-57 (9th Cir. 2003)(where defense counsel failed to accurately relay the terms of a plea offer to the defendant) and vacating the convictions and remanding for trial, *U.S. v. Gordon*, 156 F.3d 376, 381-2 (2nd Cir. 1998)(where defense counsel grossly underestimated the maximum prison sentence that could be imposed).

In Gavin's case, the Illinois Appellate Court's decisions reflect a rational application of the standard established by the Supreme Court in *Morrison*. Because all parties miscalculated the mandatory minimum term of imprisonment during the initial plea negotiations, the Illinois Appellate Court rationally declined to order the prosecution to reinstate its original offer of a 25-year package deal. The Court considered competing interests by noting that a 25-year agreement would violate sentence requirements and would not be binding on the State. Furthermore, the Illinois Appellate Court rationally determined that Gavin's particular Sixth Amendment deprivation (receiving objectively unprofessional advice during plea negotiations) was adequately neutralized by vacating Gavin's convictions and sentences and remanding his case for further proceedings. That remedy gave Gavin a fair opportunity to engage in plea negotiations assisted by effective counsel.

In sum, Gavin has not established that his confinement results from a state court decision that is contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court.

It is RECOMMENDED that Anthony Gavin's § 2254 petition for a writ of habeas corpus (Doc. No. 1) be DENIED. This action should be dismissed with prejudice.

**SUBMITTED:      May 24, 2006         .**

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE**